IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV66-01-V
(5:05cr234-V)

| | |
|---|---|
| JOHN SPEAGLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) and Motion for Leave to File Oversized Document (Doc. No. 2), both filed June 4, 2009, and Petitioner's Motion to Clarify Status (Doc. No. 3), filed January 29, 2010.

## PROCEDURAL HISTORY

On August 23, 2005, Petitioner was named in two counts of a six count Bill of Indictment. (Crim. Case No. 5:05cr234: Doc. No. 3.) Count One charged Petitioner with possession with intent to distribute at least fifty grams of crystal methamphetamine and 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846. Count Three charged Petitioner with possession with intent to distribute five grams or more of crystal methamphetamine and a detectable amount of methamphetamine in violation of 21 U.S.C. § 841. On that same day the Government filed a Notice of Intention to Seek Enhanced Penalties Pursuant to 21 U.S.C. 851. (Crim. Case No. 5:05cr234: Doc. No. 9.) On July 27, 2006, the parties filed an amended plea

agreement with the Court. (Crim. Case No. 5:05cr234: Doc. No. 75.) On August 18, 2006, Petitioner, pursuant to the terms of the amended plea agreement, entered a guilty plea at his Rule 11 hearing. (Crim. Case No. 5:05cr234: Doc. No. 86.) On June 18, 2007, this Court sentenced Petitioner to 292 months imprisonment. Judgment was entered on June 27, 2007. (Crim. Case No. 5:05cr234: Doc. No. 125.)

Meanwhile, on June 26, 2007, Petitioner filed a pro se Notice of Appeal. (Crim. Case No. 5:05cr234: Doc. No. 123.) On July 7, 2008, the United States Court of Appeals for the Fourth Circuit affirmed by unpublished opinion Petitioner's sentence and conviction. United States v. Speagle, No. 07-4686 (4th Cir. July 7, 2008)(unpublished). On November 17, 2008, the Supreme Court denied Petitioner's petition for writ of certiorari. Speagle v. United States, 129 S. Ct. 611 (2008).

On June 4, 2009, Petitioner timely filed the instant Motion to Vacate. (Doc. No. 1.) In his Motion to Vacate Petitioner alleges that he received ineffective assistance of counsel during his criminal proceeding.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner

is not entitled to any relief on his claims.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988). Claims of ineffective assistance of counsel at sentencing after a guilty plea, however, require a petitioner to establish that a reasonable probability exists that absent the alleged error, the results of the proceeding would have been different. United States v. Mayfield, 320 Fed. App'x 190, 191 (4th Cir. 2009).

The Court will address each of Petitioner's numerous ineffective assistance of counsel claims below.

**A. <u>Failure to Call Expert Witness at Sentencing</u>**

Petitioner alleges that his counsel was ineffective at sentencing. More specifically, Petitioner alleges that his counsel should have called an expert witness to provide evidence in support of his argument that methamphetamine withdrawal affected Petitioner's memory, perception, and the consistency of his statements. (Mem. Supp. Mot. to Vac. p. 10.) Petitioner asserts such a witness would have testified that any inconsistencies between Petitioner's initial and later statements was most likely the result of Petitioner's withdrawal from methamphetamine use.

Petitioner's claim fails for at least two reasons. First, Petitioner provides no evidence whatsoever to support his assertion that an expert witness existed who would have testified as Petitioner has set forth in his Motion to Vacate.[1] It is well-established that a "habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." <u>See</u> <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1136 (4th Cir. 1992), <u>cert. denied</u>, 507 U.S. 923 (1993), <u>abrog'n on other grounds recog'd</u>, <u>Yeatts v. Angelone</u>, 166 F.3d 255 (4th Cir. 1999). Second, even if such a witness had testified, the decision to file a § 5K1.1 motion was within the Government's sole discretion. Petitioner does not argue, nor does he present support for a conclusion, that such testimony would have resulted in the Government filing of a § 5K1.1 motion. Indeed, the record reveals that the Government was not equivocal on the decision not to

---

[1] Moreover, Petitioner's counsel raised the issue that Petitioner's inconsistent versions may have been the result of his methamphetamine addiction. (5:05cr234: Doc. No. 139 at 7-8.)

file a § 5K1.1 motion. (5:05cr234: Doc. No. 139 at 6-7, 10-11.) As such, Petitioner has not established that his counsel's performance was deficient or that he was prejudiced by counsel's alleged failure on this basis.

### B. Failure to Call Tony Keller as a Witness at Sentencing

Petitioner also asserts that his counsel should have called Agent Tony Keller of the Catawba County Sheriff's Office to testify at sentencing. Petitioner assets that Mr. Keller would have testified that Petitioner cooperated with investigators and that his cooperation was substantial and made in good faith.

Petitioner's claim on this basis fails because there is no showing as to how Agent Keller would have testified or how his testimony would have affected the Government's decision not to file a § 5K1.1 motion. (5:05cr234: Doc. No. 139 at 8-9.) Moreover, it can only be speculated whether such testimony would have affected the Court's decision whether to grant a variance or downward departure.[2] As such, Petitioner has not established that his counsel's performance was deficient or that he was prejudiced by counsel's alleged failure on this basis.

### C. Failure to Call Wesley Barkley as a Witness at Sentencing

Petitioner also alleges that his counsel should have called attorney Wesley Barkley, who represented Petitioner in state court, to testify for Petitioner at his sentencing hearing. Petitioner asserts that Mr. Barkley would have testified that Petitioner did cooperate with authorities in the investigation in Catawba county.

---

[2] The decision of whether or not to file a downward departure motion was, as is typical for written plea agreements in this district, left to the sole discretion of the Government. As such, it is not helpful for a defense attorney to put on evidence as to the level of assistance. Moreover, as evidenced by the sentencing transcript, Petitioner's counsel did make a determined effort to allow Petitioner to secure a downward departure. (Crim Case No. 5:05cr234: Doc. No. 139 at 6-8.)

Again, Petitioner provides no support for his claim beyond a conclusory, generalized assertion. Petitioner provides no specifics about the content of Mr. Barkley testimony. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)(a "habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") And again, even more importantly, Petitioner provides no support for a conclusion that such testimony would have impacted the Government's decision not to file a § 5K1.1 motion. Petitioner has not shown that the government's attorney lacked access or was unaware of information regarding Petitioner's cooperation that might have been in the possession of Agent Keller or Mr. Barkley. As such, Petitioner has not established that his counsel's performance was deficient or that he was prejudiced by counsel's alleged failure on this basis.

**D. Failure to Argue for Downward Variance at Sentencing**

Petitioner also argues that his counsel should have argued for a downward variance in Petitioner's sentence. Petitioner asserts that his counsel should have argued unspecified authority at his sentencing hearing that would have supported a downward variance even though the Government declined to file a § 5K1.1 motion.

Again, conclusory claims are insufficient. Petitioner does not assert what specific authority his counsel should have raised. Nor does Petitioner assert any facts to support his assertion that his counsel should have made a motion for a downward variance. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)(a "habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory

6

allegations do not entitle a habeas petitioner to an evidentiary hearing.") Moreover, a review of the record reveals that Petitioner's counsel did argue for a downward variance at Petitioner's sentencing hearing. (Crim Case No. 5:05cr234: Doc. No. 139 at 8-9.) The fact that his counsel was not successful does not render his assistance ineffective. Petitioner's inconsistent statements and re-entry into the drug scene were Petitioner's own doing. While one might speculate on the possibility that the Court might have been influenced by some combination of testimony by witnesses not called or variance arguments not made, speculation, without evidence, does not lead to a finding of ineffective assistance of counsel. As such, Petitioner has not established that his counsel's performance was deficient or that he was prejudiced by counsel's alleged failure on this basis.

### E. Involuntary Guilty Plea

Petitioner alleges that his counsel informed him unequivocally that if he pled guilty he would not receive more than a twelve and a half year sentence and that he would receive a downward departure motion for substantial assistance. Petitioner also states that had he been fully advised he would have negotiated for and pled guilty pursuant to Rule 11(c)(1)(C) of the federal Rules of Criminal Procedure.

At a minimum, Petitioner cannot satisfy the prejudice prong of his claim. As demonstrated below, even if his counsel erroneously informed Petitioner as to the sentence he would receive or specifics regarding guideline provisions, Petitioner cannot, in light of the terms of his amended plea agreement and his answers under oath at his plea and sentencing hearings, establish that he was prejudiced.

Petitioner's argument that he was misled into pleading guilty is belied by the record in

7

this case. At his plea hearing[3] Petitioner swore under oath that he wanted to plead guilty. (5:05cr234: Doc. No. 148 at 2-3.) Petitioner also swore that he understood that he was pleading guilty to conspiracy to possess with intent to distribute 50 grams of methamphetamine and 500 grams of a substance containing a detectable amount of methamphetamine and that as a result of his plea he faced a minimum of ten years and a maximum of life imprisonment. (5:05cr234: Doc. No. 148 at 3-4.) Petitioner also swore under oath that his counsel had explained how the United States Sentencing Guidelines might apply to his case and that he understood that the Court would not be able to determine his sentencing range until after his pre-sentence report was written. (5:05cr234: Doc. No. 148 at 7.) He also swore that he understood that if the sentence he received was harsher than he expected he would still be bound by his amended plea agreement. (5:05cr234: Doc. No. 148 at 8.) At Petitioner's plea hearing he swore under oath that he understood that it was left to the Government's sole discretion as to whether his assistance was substantial. (5:05cr234: Doc. No. 148 at 13, 21.) Petitioner swore that no one had threatened, intimidated, or forced him into entering his amended plea agreement or his guilty plea. (5:05cr234: Doc. No. 148 at 22.) Significantly, Petitioner also swore that no one had made him any promises outside of the terms set forth in his amended plea agreement. (5:05cr234: Doc. No. 148 at 22.) Finally, Petitioner indicated that he was satisfied with his attorney's services. (5:05cr234: Doc. No. 148 at 23.) The magistrate judge then asked Petitioner if he had heard and understood all of the plea hearing proceedings and whether he still wished to plead

---

[3] In reaching a decision on this case the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

8

guilty. Petitioner responded in the affirmative. (5:05cr234: Doc. No. 148 at 23.) At the conclusion of his plea hearing, the magistrate judge asked Petitioner whether he had any questions or statements that he would like to make – Petitioner responded "No, sir." (5:05cr234: Doc. No. 148 at 23.)[4]

Further buttressing the conclusion that Petitioner knowingly entered his plea are the explicit written terms of Petitioner's amended plea agreement.[5] That is, Petitioner's amended plea agreement sets forth that he was subject to a statutory minimum sentence of ten years and a statutory maximum sentence of life imprisonment. (5:05cr234: Doc. No. 75 at ¶ 4.) In addition, Plaintiff's amended plea agreement sets forth that "defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count." (5:05cr234: Doc. No. 75 at ¶ 6)(emphasis added). Petitioner's amended plea agreement specifically sets forth that the determination of whether assistance provided by Petitioner was substantial is left to the sole discretion of the Government. (5:05cr234: Doc. No. 75 at ¶ 24a.) Moreover, after he did not receive a substantial assistance motion, Petitioner did not object at his sentencing hearing when he was given an opportunity to speak. (Sent. Hearing pp. 6-7.) Consequently, this Court finds that, at a minimum, Petitioner was not prejudiced and his ineffective assistance of counsel claim on this basis fails.

---

[4] At his sentencing hearing, the Court concluded that Petitioner had entered his plea knowingly and voluntarily, with an understanding of the charges, potential penalties, and consequences of his plea. (5:05cr234: Doc. No. 139 at 3-4.)

[5] At his Plea Hearing, Petitioner swore under oath that he had signed his amended plea agreement. (5:05cr234: Doc. No. 148 at 22.)

Finally, Petitioner's amended plea agreement sets forth that "[t]here are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in the amended plea agreement and none will be entered into unless executed in writing and signed by all parties. (5:05cr234: Doc. No. 75 at ¶ 27.) This clause was highlighted by the government at the plea hearing and affirmed by Petitioner. (5:05cr234: Doc. No. 148 at 14, 21.)

Based upon the representations of Petitioner at his Rule 11 Hearing and the record in this case, the Court concludes that, regardless of what his counsel may have told him about what kind of sentence he would receive, Petitioner understood the terms of his plea such that his plea was entered knowingly and voluntarily. Consequently, he cannot establish the requisite prejudice and his ineffective assistance of counsel claim, based upon an alleged involuntary guilty plea is denied.

### F. Failure to File a Motion to Suppress

Petitioner also alleges that his counsel was ineffective for failing to move to suppress evidence. Petitioner does not specify what evidence counsel should have moved to suppress or on what basis such a motion should have been made. Again, conclusory assertions are insufficient to state a claim. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)(a "habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

### G. Failure to Inform Petitioner of His Right to Testify at Sentencing

Petitioner alleges that his counsel was ineffective for failing to inform him about his right to testify at his sentencing hearing. In addition, Petitioner alleges that his counsel failed to

10

inform him that the decision to testify or not at sentencing was Petitioner's decision to make. Petitioner contends that had he taken the stand at his sentencing hearing he would have provided competent evidence of his substantial assistance.

At a minimum, Petitioner cannot establish that he was prejudiced. That is, even if Petitioner had taken the stand[6] and testified regarding his assistance to the Government, Petitioner has not established that such testimony would have had any impact on the Government's decision to not make a § 5K1.1 motion. Indeed, Petitioner provides no specifics as to exactly what the substance of his testimony would have been. Moreover, Petitioner's counsel raised the issue that Petitioner's inconsistent versions may have been the result of his methamphetamine addiction. (5:05cr234: Doc. No. 139 at 7-8.) The Government was unpersuaded. In addition, Petitioner provides no support for a conclusion that the Government would have changed its mind regarding the filing of a § 5K1.1 motion. Petitioner's generalized assertion does not establish that he was prejudiced by his failure to testify at his sentencing hearing and his ineffective assistance of counsel claim on that basis is dismissed.

### H. Failure to Present Evidence and Legal Authority at Sentencing

Petitioner alleges that his counsel was ineffective at sentencing because he "failed to

---

[6] The Court notes that Petitioner was given an opportunity to speak at his sentencing hearing. (5:05cr234: Doc. No. 139 at 10.) Interestingly, despite his present contention, Petitioner did not choose to elaborate on his assistance to the Government in any detail. He merely mentioned that he had participated in "numerous controlled buys." (5:05cr234: Doc. No. 139 at 10.) In response to Petitioner's assertion about his assistance and his counsel's attempt to bolster this testimony, the Government stated that such assistance was pre-plea agreement and pre-indictment. (5:05cr234: Doc. No. 139 at 10.) The Government also noted that after Petitioner began cooperating with the Government he "got back into the drug game." (5:05cr234: Doc. No. 139 at 11.) In concluding this discussion, the Government stated for the record that Petitioner had failed to provide any substantial assistance. (5:05cr234: Doc. No. 139 at 11.)

investigate or present available evidence and legal authority material to the sentencing of Mr. Speagle. Counsel also unprofessionally failed to object to, unlawful, false, and unreliable evidence used to determine Mr. Speagle's guideline sentencing range and ultimate sentence." (5:09cv66: Doc. No. 1-3 at 1, ¶ 35.) Petitioner's claim is wholly conclusory. Indeed, his claim provides no facts to support his overbroad generalizations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)(a "habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") As such, Petitioner's ineffective assistance of counsel claim on this basis is dismissed.

### I. Failure to Move for Downward Variance

Petitioner alleges that his counsel was ineffective at sentencing because he failed to move for a downward departure variance under 18 U.S.C. § 3553(a).

The record reveals that Petitioner's counsel did, in fact, request a downward variance at sentencing. (5:05cr234: Doc. No. 139 at 8-9.) Petitioner's counsel argued that Petitioner's criminal history was overstated and that his likelihood to reoffend was not great. (5:05cr234: Doc. No. 139 at 8-9.) Petitioner does not assert any persuasive argument that his counsel should have made for a downward variance. Indeed, Petitioner provides no specifics whatsoever with regard to what type of argument should have been made. Petitioner has failed to establish that his counsel was ineffective or that he was prejudiced and his ineffective assistance of counsel claim on this basis is dismissed.

### J. Failure to Present Strongest Issues on Appeal

Petitioner alleges that his counsel failed to "investigate or present the strongest issues

available to Mr. Speagle for his direct appeal and failed to preserve viable issues for collateral review." (5:09cv66: Doc. No. 1-3 at 1.)

Petitioner fails to specify what claims should have been raised on appeal.[7] As this Court has noted repeatedly in this Order a "habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Petitioner's ineffective assistance of counsel claim on this basis is dismissed.

Petitioner also asserts that his counsel was ineffective for failing to preserve issues for collateral review. Again, Petitioner does not specify what issues should have been preserved. Petitioner's ineffective assistance of counsel claim on this basis is dismissed.

## III. CONFLICT OF INTEREST

Petitioner also alleges that he received ineffective assistance of counsel because his defense counsel operated under a conflict of interest. Petitioner asserts that his counsel operated under conflicting duties.

In order to obtain relief based on such a claim, a petitioner must establish that an actual conflict existed and that the conflict adversely affected counsel's performance. See Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). A petitioner who shows that a conflict of interest actually affected the adequacy of the attorney's representation need not demonstrate prejudice. Id.

---

[7] Nor does Petitioner explain why he did not raise these unidentified issues in the pro se supplemental brief that he filed with the United States Court of Appeals for the Fourth Circuit. (5:05cr234: Doc. No. 160)

13

Petitioner, yet again, does not provide any specifics whatsoever to support his generalized claim. The court cannot even discern what the alleged conflict was much less whether it adversely affected counsel's performance. Petitioner's ineffective assistance of counsel claim on this basis is dismissed. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)(a "habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

## IV. MISCELLANEOUS MOTIONS

In conjunction with filing his Motion to Vacate, Petitioner filed a Motion for Leave to File Oversized Document. This Motion is granted.

Petitioner has also filed a motion requesting the status of his case. With the issuing of this Order Petitioner's motion is moot and is denied on that basis.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to relief on any of the claims contained in his Motion to Vacate. Indeed, much of his Motion to Vacate consists of broad and unsupported conclusory claims. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**;

2. Petitioner's Motion for Leave to File Oversized Document (Doc. No. 2) is

**GRANTED**;

      3.   Petitioner's Motion to Clarify Status (Doc. No. 3) is **DENIED**; and

      4.   It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: April 1, 2010

Richard L. Voorhees
United States District Judge